# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIRK E. BINTZLER,

        Petitioner,        Case No. 00-C-1309

        v.

UNITED STATES ATTORNEY GENERAL
ALBERTO R. GONZALES and
DIRECTOR OF THE UNITED STATES
BUREAU OF PRISONS HARLEY G. LAPPIN,[1]

        Respondents.

## OPINION AND ORDER

Kirk Bintzler, a prisoner in federal custody, has filed a Petition for sentencing relief pursuant to 28 U.S.C. § 2241. He is challenging the duration of his confinement and asks that his sentence be modified. The government has answered and has denied that he is entitled to relief. Bintzler, who is disputing the Federal Bureau of Prisons' (BOP's) interpretation of his sentence, has exhausted all his administrative remedies.

---

[1] When Bintzler filed this action on January 2, 2000, he was in the custody of the State of Wisconsin and proceeded against Wisconsin officials as Respondents. The state parties have been dismissed and the United States Attorney General and the Director of the Bureau of Prisons have been substituted. He has not named his current custodian at the Federal Correctional Institution in Pekin, Illinois, as a Respondent. See Motion to Reinstate 28 U.S.C. § 2241 Petition and to Amend Party Named as Respondent (filed December 9, 2005).

## I. FACTS

The complicated prior proceedings in this case have been set forth by the Petitioner and are largely undisputed by the Respondents. Bintzler relates that:

> Bintzler was arrested by the Milwaukee Police Department on March 16, 1999 and placed in custody at the Milwaukee County Jail. On March 21, 1994, Bintzler was charged in Milwaukee County Circuit Court, case number F-940965, with theft by fraud and making false statements in applications for certificates of title. Cash bail was set and Bintzler was remanded to the custody of the Milwaukee County Jail. The case was assigned to Hon. Diane Sykes.
>
> On June 14, 1994, Bintzler was indicted in the United States District Court for the Eastern District of Wisconsin with two counts of being a prohibited person in possession of a firearm, case number 94-CR-87. The federal prosecution is related to the state prosecution in that they involve related facts and arise from the same arrest. The United States government obtained a writ of habeas corpus for Bintzler's production from the local county jail to the local federal court for his July 1, 1994 arraignment. A federal detainer was filed against Bintzler at the Milwaukee County Jail and it was determined by presiding Magistrate Judge Patricia J. Gorence that he would be returned to federal court for further proceeding in the event he was released from state custody. Similarly, the government obtained a writ of habeas corpus for Bintzler's production from the local county jail to the local federal court for a July 21, 1994 evidentiary hearing on his motion to suppress evidence and his August 9, 1994 guilty plea. On the latter date, sentencing was scheduled for November 9, 1994 before Hon. Senior Judge Thomas J. Curran.
>
> On September 12, 1994, Judge Sykes released Bintzler from the custody of the Milwaukee County Jail without bail. Upon information and belief, this was because the state had failed to comply with Bintzler's state speedy trial right. Contrary to Magistrate Judge Gorence's belief, Bintzler was not returned to federal court for further proceedings. The Federal Bureau of Prisons (B.O.P.) maintains that there is no record of transfer of jurisdiction from the state to the

2

federal government on September 12, 1994, as would ordinarily be reflected on the U.S. Marshals Individual Custody and Detention Report (USM 129). According to the records of the Milwaukee County Jail, after September 12, 1994 Bintzler was a "safekeeper" for the U.S. Marshal. The U.S. Marshals, at least at this time, use the Milwaukee County Jail as a federal holding facility.

On November 8, 1994, the day prior to his sentencing, the government obtained a writ of habeas corpus for Bintzler's production from the local county jail to the local federal court for his sentencing on the following day. On November 9, 1994, Bintzler was sentenced to a term of 75 months imprisonment and three-years supervised release, and the judgment was silent as to whether the sentence would run concurrent or consecutive to any other sentence, which is unremarkable because there was yet no other sentence imposed. At sentencing, Bintzler made mention of sentence credit of 237 days since his arrest on March 16, 1994. The probation officer present in the district court indicated that there would be no credit because Bintzler was in state custody. Bintzler's counsel indicated to the court that Bintzler was not in state custody. The government asserted that this representation was false. The court indicated that there was the need for additional investigation and that if the Bureau of Prisons cannot resolve the dispute, the district court would review the matter. The parties did no investigation on the spot and so according to USM 129, Bintzler, mistakenly so, was returned to state custody at the Milwaukee County Jail on November 9, 1994. This was a mistake because Bintzler was no longer obligated to remain in state custody,

The November 18, 1994 written judgment recommended that Bintzler be imprisoned at FCI Oxford in Oxford, Wisconsin and reflects the typical verbiage that "The defendant is hereby committed to the custody of the United States Bureau of Prison to be imprisoned for a term of 75 months." On November 22, 1994, the United States Marshals Service sent a federal detainer against Bintzler to the Milwaukee County Jail. The detainer states that "When the subject is to be released from your custody, please notify this office at once so that we may assume custody if necessary."

3

On November 28, 1994, Bintzler's state court case came on for trial before Judge Sykes. The court adjourned the case for cause due to calendar congestion and noted, "It's my understanding also that you are in custody in the federal system for at least a period of time." Bintzler confirmed that he believed he was in federal custody, having been transferred to the state authorities for his state court trial. Judge Sykes advised Bintzler, "I'm sure you'll be sent back." The trial was adjourned. Bintzler was returned to the Milwaukee County Jail.

On June 20, 1995, nearly 7-1/2 months later, subsequent to a jury trial while in custody, Bintzler was sentenced by Judge Sykes in Milwaukee County Circuit Court, case number F-940965 to an aggregate term of 15 years, ordered to run consecutively to the federal sentence. During the course of her sentencing argument to Judge Sykes, Milwaukee County Assistant District Attorney Rayann Chandler Szychlinkski recommended a sentence "consecutive to the sentencing that the defendant is presently serving, which is the federal felon in possession of firearm. . . I'm asking for a total of fifteen years in prison consecutive to the time the defendant is already serving." During the course of her sentencing remarks, Judge Sykes asserted that he is serving a federal sentence as a result of a third gun charge. Judge Sykes believed the prosecutor's recommendation was appropriate and sentenced Bintzler to a prison term, "consecutive to any other sentence, specifically the federal sentence that you're serving on what is your third gun conviction. . . " After protracted discussion between Bintzler, who recognized it was strange that he was in the county jail, and Judge Sykes regarding sentence credit, five-days sentence credit was granted. It is interesting to note that Judge Sykes commented that Bintzler would be sent to the Wisconsin State Prison sentence [sic] at Dodge once his "federal sentence is completed."

The state attempted to cause the federal authorities to transfer Bintzler out of the Milwaukee County Jail. On June 21, 1995, the U.S. Marshals Service sent a communication to the Milwaukee County Jail that asserted "My understanding is that he is your prisoner until all state charges/sentence have been handled. See Attached paperwork. Hope this doesn't take too long to resolve"

On June 22, 1995, without the parties having the opportunity to be heard, Judge Sykes issued a 1-1/2 page order in which she asserted that (1) she had ordered Bintzler's sentence to run consecutive to a federal court prison sentence Bintzler received while the state court was pending; (2) she has been informed that "by operation of federal law and pursuant to a detainer issued by the United States Marshal's Office, (the service of the federal sentence) will follow rather than precede the service of the fifteen-year sentence I ordered in this case. . ." and (3) she modified the judgment of conviction in the state court case to delete the reference to the state sentence running consecutive to the federal sentence so that Bintzler could be immediately transferred to the Wisconsin State Prison system. Judge Sykes wrote that she did not intend for her sentence to be concurrent to that imposed by Judge Curran, and that the sentence imposed by Judge Curran will follow the service of her sentence, referring to "operation of federal law and pursuant to the federal detainer."

It is interesting to note at this juncture that previously filed in this case is a "Declaration of Jon D. Loftness," who is "Regional Inmate Systems Administrator for the Bureau of Prisons in the North Central Regional Office," that recites that Judge Sykes' June 22, 1995 order was premised upon Judge Sykes' knowledge that "the federal sentence was to run consecutively to the state sentence." If that assertion contemplates knowledge by Judge Sykes and/or Mr. Loftness of Judge Curran's intent at the time Judge Curran imposed his federal sentence on November 9, 1994, and in light of the state court's lack of understanding of Bintzler's custody status, Bintzler maintains that assertion is problematic.

Bintzler was returned to the Milwaukee County Jail until he was transferred by the State authorities on June 26, 1995 to Dodge Correctional Institution.

On April 25, 1999, Pamela Knick, Registrar at the Waupun Correctional Center, communicated with Judge Curran. She requested clarification as to the federal sentence and credit for time served. In that letter, she asserted, "The Department of Corrections needs this information so that (Bintzler's) programming needs may be adequately

5

addressed and the parole commission informed of the structure (of his sentence)."

In a May 5, 1999, reply, the district court indicated that it did not previously order the federal sentence to be served concurrently or consecutively to the pending state case because there was then no disposition of that case. The district court indicated that at the time of the federal sentence, Bintzler was in state custody and was returned there after his federal sentencing with a federal detainer placed upon him. The district court concluded, "It is clear, therefore, that the federal sentence is to run consecutive to the state sentence. . ."

Recognizing the misinformation underlying the district court's response, on August 16, 1999, Bintzler requested that the B.O.P. exercise authority under 18 U.S.C. § 3621(b) and designate the Wisconsin Department of Corrections as the place for service of his federal sentence. On August 25, 1999, the B.O.P. communicated with the local probation department and inquired whether Judge Curran intended his sentence to run from the date it was imposed, meaning it would be concurrent to the state sentence, which in turn would cause the B.O.P. to designate the state as the place for service of Bintzler's federal sentence. Judge Curran, apparently consistent with his earlier conclusion concerning Bintzler's custody status at the time of his federal sentencing, informed the B.O.P. that the federal sentence is to be served consecutive to the state sentence. The B.O.P. then relayed to Bintzler on September 20, 1999 that "your federal sentence will commence when released to the federal detainer upon completion of your state sentence."

Senior Judge Thomas J. Curran was later provided corrected information. The district court wrote to the defendant on August 25, 2000 and informed him that because the United States Marshal's Service was never advised that Bintzler was released from state custody, Bintzler was not taken into federal custody so as to commence service of his federal sentence. Judge Curran advised Bintzler that he will be credited with an anticipated 237 days toward the service of his federal sentence when it commences.

> Bintzler served the bulk of his state sentence, in total approximately 9 years, in the Wisconsin Secure Program Facility until he was released on parole on April 1, 2004 to the federal authorities. He is now serving his federal sentence at Pekin Federal Correctional Institution in Pekin, IL and his projected release date is June 29, 2008, with good conduct credit.

Petitioner's Brief in Support of § 2241 Petition at 2-11 (footnotes omitted).

## II. DISCUSSION AND DECISION

Bintzler is asking the court to reverse what he claims to have been an improper sentence modification by the Bureau of Prisons. The BOP determined that his federal sentence should run consecutively to his state sentence. Bintzler wants this court to rule that his sentences have been served concurrently and, in addition:

> Bintzler wants this court to hold that his sentence ran when federal authorities should have accepted custody of him to begin serving his federal sentence. That means Bintzler would be immediately released.

Petitioner's Brief in Support of 2241 Petition at 25 (citation omitted).

The BOP lacks authority to determine whether a prisoner's sentences should run concurrently when the federal sentencing court imposes sentence after the state imposes its own sentence. However, in cases like Bintzler's where the federal court imposes sentence before the state court, the BOP has the effective authority to determine how the sentence should run. See Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 74 (2nd Cir. 2005).

There is a split among the circuits as to the source and extent of the BOP's authority to treat a sentence as consecutive or concurrent. The Second and Third Circuits have ruled that 18 U.S.C. § 3583(a) which requires that multiple prison

7

terms "run consecutively unless the court orders that the terms are to run concurrently" is inapplicable to situations such as this in which the federal sentence is imposed first. See McCarthy v. Doe, 146 F.3d 118, 121-22 (2nd Cir. 1998); Barden v. Keohanek, 921 F.2d 476, 478 (3d Cir. 1990). The Second Circuit has explained that:

> *McCarthy* explains that § 3583(a) by its terms applies to federal defendants "already subject to an undischarged term of imprisonment," but makes no mention of federal defendants facing future state sentencing. *McCarthy*, 146 F.3d at 121-22. This reading is encouraged by the legislative history of the statute and by the fact that where a defendant is awaiting a state sentence, the absence of any specification by the federal court as to whether its sentence should run concurrently or consecutively does not signify intent that the sentences run consecutively because the federal court may not even know that another sentence is about to be imposed. *Id.* at 122.
>
> Having deemed § 3583(a) inapplicable when the federal sentence is imposed before imposition of the state sentence, *McCarthy* followed Third Circuit precedent and looked to 18 U.S.C. § 3621(b), which gives the BOP the authority to "designate the place of the prisoner's imprisonment" and for that purpose to "designate any available penal or correctional facility ⋯ whether maintained by the Federal Government or otherwise." *McCarthy*, 146 F.3d at 122-23. *McCarthy* and *Barden* both held, then, that the BOP could designate the state facility in which the prisoner was serving his state sentence as the place of federal confinement-with the result that, if the BOP made such a designation, the prisoner's sentences would effectively run concurrently. *Id.*; *Barden*, 921 F.2d at 478; *see also Martinez v. United States*, 19 F.3d 97 (2d Cir.1994) ( per curiam ). The Circuits are split as to whether the BOP actually has such authority. *Compare McCarthy*, 146 F.3d at 122-23 and *Barden*, 921 F.2d at 478 with Romandine, 206 F.3d at 738. And though the BOP exercises the authority, it carefully declines to claim it.

Abdul-Malik, 403 F.3d at 7576

Under 18 U.S.C. § 3621(b), the BOP must "designate the place of the prisoner's imprisonment" in selecting from "any available penal or correctional facility. . . .whether maintained by the Federal Government or otherwise." In making this designation, the BOP considers five factors:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence–
>    (A) concerning the purposes for which the sentence
>     to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional
>     facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing
>    Commission pursuant to section 994(a)(2) of Title 28.

18 U.S.C. § 3621(b).

The Seventh Circuit disagrees with the legal underpinnings, but not the result of the Second Circuit's McCarthy opinion. In Romandine v. United States, 206 F.3d 731 (7th Cir. 2000), the court wrote that:

> . . .the final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General (or the state judge) rather than the federal judge. We disagree with the reasoning of *McCarthy v. Doe*, 146 F.3d 118, 121-22 (2d Cir.1998), to the extent the second circuit believes that the final sentence of § 3584(a) is limited to those situations also covered by the first sentence (that is, to defendants serving undischarged terms, or other terms imposed on the same occasion). Limiting the final sentence in this way makes it surplusage. It is best read as covering all situations not otherwise provided for. Still, even this disagreement is irrelevant, for the state judge and the Attorney General, exercising power

9

> under § 3585(a), have the effective last word. Thus we
> agree with *McCarthy's* bottom line. The Attorney General
> has discretion, which she must exercise without supposing
> that the district judge's views or the final sentence of §
> 3585(a) forbid concurrent service. Accord, *739 *Barden v.
> Keohane*, 921 F.2d 476 (3d Cir.1990)

Romandine, 206 F.3d at 738.

In this case, because Bintzler had not yet been convicted or sentenced on state charges when this court imposed his federal sentence, the federal judgment of conviction was silent as to whether the federal sentence was to be served concurrently or consecutively to any other sentence. After Bintzler was convicted and sentenced by the State of Wisconsin, the BOP solicited an opinion from this court as to whether the federal sentence should be served concurrently or consecutively. The court recommended that the federal sentence be served consecutively to the sentence the state had, by that time, imposed. This recommendation was merely an opinion which was not controlling for purposes of the BOP's designation.[2] However, it was appropriate for the BOP to consider the opinion. See 18 U.S.C. § 3621(b)(4). Under the Seventh Circuit's ruling in Romandine, the court finds that it was not unreasonable or arbitrary or contrary to law for the BOP, acting within its delegated authority, to structure Bintzler's federal sentence to run consecutive to his state sentence and, consequently, will deny relief to Bintzler.

---

[2] The state sentencing court indicated that the state sentence should run consecutively, but such a determination is not binding on federal authorities. See McCarthy v. Doe, 146 F.3d 118, 120-21(2nd Cir. 1998).

10

# **ORDER**

For the reasons explained above, the court ORDERS that Kirk Bintzler's "Petition for Writ of Habeas Corpus" (filed October 2, 2000) IS DENIED and that this action is dismissed upon its merits.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Petitioner Kirk Bintzler brought a petition for relief pursuant to 28 U.S.C. § 2241 before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the petition having been denied,
>
> IT IS ORDERED AND ADJUDGED
>
> that this action is dismissed upon its merits.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 24th day of May, 2006.

        s/ Thomas J. Curran
        Thomas J. Curran
        United States District Judge

11

Case 2:00-cv-01309-TJC    Filed 05/24/06    Page 11 of 11    Document 70